**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAXL, LLC; INTELLECTUS DOMINUS, LLC; and TRIPHENE LLC, <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A; <br><br> Defendants. | Case No. 1:26-cv-02620 (RA) |

**[PROPOSED] PRELIMINARY INJUNCTION**

WHEREAS, Plaintiffs MAXL, LLC ("MAXL"), Intellectus Dominus, LLC ("Intellectus Dominus"), and Triphene LLC ("Triphene") (collectively, "Plaintiffs") having moved *ex parte* on March 31, 2026 against the twenty-two (22) Defendants listed on Schedule A to the Complaint (collectively, "Defendants"), using at least the online marketplace accounts identified in the Complaint (the "Online Storefronts"), for (1) a temporary restraining order enjoining Defendants from infringing upon Plaintiffs' trademarks and copyrighted work; (2) a temporary restraining order preventing asset transfer; (3) an expedited discovery order; and (4) an order to show cause why a preliminary injunction should not issue (collectively, the "Application");

WHEREAS, on April 2, 2026, the Court entered an Order granting Plaintiffs' Application ("TRO");

WHEREAS, on April 2, 2026, the Court ordered Defendants to appear on April 20, 2026 at 4:00 p.m. to show cause why a preliminary injunction should not issue (the "Hearing");

WHEREAS, on April 24, 2026, pursuant to the TRO, Plaintiffs served the Complaint, TRO, and all papers filed in support of the Application on each and every Defendant;

WHEREAS, the Court scheduled the Hearing for May 5, 2026 at 4:45 p.m.;

WHEREAS, on May 5, 2026 at 4:45 p.m., Plaintiffs appeared at the Hearing, but no Defendants appeared.

## ORDER

1. The injunctive relief and asset restraint previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a. Accordingly, Defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring products that directly or indirectly infringe upon the MAXL Mark, the MAXL ONE Mark, the TRIPHENE Mark, the MAXL ONE Trade Dress, or the MAXL ONE Copyright;

      ii. Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to manufacture, import, advertise, promote, offer to sell, sell, distribute, or transfer products which directly or indirectly infringe upon the MAXL Mark, the MAXL ONE Mark, the TRIPHENE Mark, the MAXL ONE Trade Dress, or the MAXL ONE Copyright, or directly or indirectly imply a false

endorsement or promotion of Defendants' Infringing Products by Plaintiffs or otherwise falsely suggest an affiliation between Defendants and Plaintiffs;

iii. Passing off, inducing, or enabling others to sell or pass off any product as a genuine MAXL-branded product that is not, in fact, Plaintiffs' MAXL-branded product and/or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the MAXL Mark, the MAXL ONE Mark, the TRIPHENE Mark, or the MAXL ONE Trade Dress;

iv. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored, approved, or endorsed by, or otherwise connected with, Plaintiffs;

v. Using the MAXL Mark, the MAXL ONE Mark, or the TRIPHENE Mark as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Online Storefronts and/or product listings registered, owned, or operated by any Defendant on any e-commerce platform; and

vi. Operating and/or hosting websites and/or any other web presence or online storefront registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the MAXL Mark, the MAXL ONE Mark, the

3

TRIPHENE Mark, the MAXL ONE Trade Dress, or the MAXL ONE Copyright.

b. Accordingly, Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with them, as well as any third-party financial institutions, payment processors, banks, escrow services, money transmitters, web hosts, registrars, marketplace platforms, or social media platforms that are providing services for any of the Defendants, including but not limited to AliExpress.com, eBay.com, Walmart.com, Alibaba.com, Amazon.com, TikTok.com, Shein.com, Shopify, AliPay, PayPal, Payoneer, Ping Pong, Coinbase, Stripe, Klarna, Apple Pay, Venmo, Google Pay, Google Sites, Meta, and their related companies and affiliates (together, the "Third Party Providers"), shall, upon receiving actual notice of this Order, immediately:

    i. Remove, disable, or cause the removal or disabling of all listings, storefronts, and other online content for the Infringing Products from all websites, marketplaces, platforms, and domains within Defendants' and/or the Third Party Providers' possession, custody, or control, and cease providing services to Defendants for the same; and

    ii. Remove, disable, and cease displaying any advertisements used by or associated with Defendants in connection with the promotion, sale, or distribution of the Infringing Products, and cease providing services to Defendants for the same;

    iii. Locate all accounts connected to any of Defendants' Online Storefronts, including but not limited to: (a) any and all of Defendants' accounts with

AliExpress.com, eBay.com, and Walmart.com; and (b) any financial institution accounts linked to Defendants' accounts or that otherwise have received payments for purchases from Defendants' Online Storefronts; and

    iv. Cease transferring or disposing of any money or other assets residing with any financial institution accounts linked to Defendants' accounts or that otherwise have received payments for purchases from Defendants' Online Storefronts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from Defendants' accounts pending further order of this Court.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a. Within five (5) days after service of this Order, any Third Party Providers providing services to any Defendants shall provide the following information to Plaintiffs' counsel (to the extent such information is in the Third Party Providers' possession, custody or control and has not otherwise been provided):

        i. The identity and location of the Defendants, including all known aliases, physical addresses, associated email addresses, and other contact information;

        ii. Any user accounts, online marketplace websites, online storefronts, product listings, seller IDs, product IDs, and/or domains affiliated with Defendants that have not been identified in Schedule A to the Complaint;

        iii. The locations and quantities of Defendants' inventories of Infringing Products in the Third Party Providers' possession, custody, or control;

iv.  The identities of any manufacturers, suppliers, distributors, fulfillment centers, and logistics partners providing goods or services to any Defendants;

v.  Defendants' transaction histories, including a full accounting of Defendants sales history and listing history, including both active and inactive listings;

vi.  The total funds restrained and all financial institution accounts and credit cards linked to Defendants' accounts, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors, merchant account providers, credit card associations (e.g. MasterCard, VISA, American Express, Discover), or other financial institutions; and

vii.  Information concerning sales of any Infringing Products sold through Defendants' Online Storefronts.

b.  Defendants shall preserve and not alter, delete, destroy, conceal, or otherwise dispose of any documents, electronically stored information, tangible things, or data relating to the manufacture, marketing, advertising, sale, offer for sale, importation, distribution, inventory, customers, revenues, costs, and profits associated with the Infringing Products, including all communications with suppliers, customers, payment processors, and marketplaces.

c.  Plaintiffs may immediately serve: (1) up to 15 requests for production and 10 interrogatories per Defendant pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3 of the Local Rules for the Southern District of New York directed to discovering the identity of suppliers, manufacturers, fulfillment centers, quantities of inventory, sales, revenues, costs, profits, customers (by anonymized identifier where required by platform policy), payment accounts, and

all online storefronts and domain names associated with the Infringing Products; (2) subpoenas pursuant to Fed. R. Civ. P. 45 on online marketplaces (including AliExpress.com, eBay.com, and Walmart.com), domain registrars/registries, hosting providers, search engines, social media platforms, email platforms, fulfillment/logistics providers, and payment processors to obtain documents sufficient to identify Defendants, all associated seller IDs, storefronts, domains, listings, inventory locations, account balances, credit card accounts, and transaction histories related to the accused products.

    i. To the extent any provision of this Order conflicts with platform policies or third party terms of service, this Order controls to the full extent permitted by law. Third parties are directed to comply to the extent feasible and may seek clarification from the Court as needed.

  d. Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiffs' counsel.

3. As sufficient cause has been shown, Plaintiffs shall serve copies of this Order on Defendants via the corresponding email addresses and/or online contact form or other means of electronic contact associated with their Online Storefronts, or by providing a copy of this Order by e-mail to the Third Party Provider hosting the Online Storefront, as ordered in the TRO, and such means shall be deemed as effective as to Defendants and Third Party Providers through the pendency of this action.

4. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them, or by any

persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

5.  The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

6.  This Order shall remain in effect during the pendency of this action, or until further order of the Court.

7.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

SO ORDERED this Eleventh day of May, 2026.

_____

Hon. Ronnie Abrams